**In the Matter of LeBEOUF BROS. TOW-ING CO., INC., as Owner of M/T CRE-OLE GENII, Praying for Exoneration From or Limitation of Liability.**

Civ. A. No. 82–1783.

United States District Court,
E.D. Louisiana.

Aug. 7, 1984.

W.J. Larzelere, Jr., Charles E. Lugen-buhl,Lugenbuhl, Larzelere & Ellefson, New Orleans, La., for LeBeouf Bros. Towing Co., Inc.

James G. Burke, Jr., Therese B. Forres-ter, Burke & Mayer, New Orleans, La., for Continental Ins. Co.

Felix Orsini, Lawrence M. Einhorn, New Orleans, La., for plaintiffs in 82–1477 thru 82–2344.

Ronald A. Johnson, Sidney A. Degan III, Johnson & McAlpine, New Orleans, La., for The Home Ins. Co. & LeBeouf Bros. Towing.

Hugh R. Straub, Walter Carroll, Jr., Ter-riberry, Carroll, Yancey & Farrell, New Orleans, La., for Alba Corp.

Donald A. Lindquist, Thomas D. Forbes, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Pecten Trading & Shell Oil Co.

Richard L. Duncan, James M. Tompkins, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Wood Marine, Inc.

Abadie, Harang & Cooper, Peter J. Aba-die, Jr. and Charles B. Colvin, New Or-leans, La., for plaintiffs Rodriguez, Barba & Lamprea.

C. John Caskey (TA), Dué, Dodson, de-Gravelles, Robinson & Caskey, Baton Rouge, La., for plaintiffs Supnit, Saraet, Nuevaespano, Calitis, Cadag, Lui, Mendo-za, Cabuslay, Catajoy, Famaran, Barnuevo,

Santos, Jacinto, Tejano, Reyes, de la Cruz, Cafuir, San Juan & Batallones.

A. Scott Tillery (TA), Tillery & Potts, Chalmette, La., for plaintiffs Rodriguez, Barba & Lamprea; Lee W. Rand, Zelden & Zelden, New Orleans, La., of counsel.

## OPINION

ARCENEAUX, District Judge.

The matter came before the Court on motion of LeBeouf Bros. Towing Co. ("Le-Beouf"), joined in by Home Insurance Co., for partial summary judgment. In its motion, LeBeouf asks that the Court commit itself to a method of evaluating the collision damages to the M/T ARKAS claimed in this limitation of liability proceeding by Alba. Corporation and its insuror, The Swedish Club (jointly referred to as "Alba"), the vessel owner. A hearing was held on July 11, 1984, and the Court deferred ruling on the motion. Having considered the record, the argument of counsel and the applicable law, the Court now rules.

 When a vessel is lost or damaged, the owner is entitled to its money equivalent, and thereby to be put in as good a position pecuniarily as if its property had not been destroyed. *King Fisher Marine Service, Inc. v. N P SUNBONNET*, 724 F.2d 1181 (5th Cir.1984). The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts. *Standard Oil Co. of New Jersey v. Southern Pacific Co.*, 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890 (1925).

 Part of the valuation determination is directed toward categorization of the loss sustained. When a vessel is an "actual total loss," as perhaps the result of her sinking, the damages sustained by the owner is her value at the time of the loss, to which interest may be added. Where the cost of repairs to the vessel exceeds her pre-collision value, a "constructive total loss" has been sustained and recovery is measured by the pre-collision value of the

vessel less any value of the wreck and salvage and interest on the net amount from the date of the collision. *O'Brien Bros., Inc. v. THE HELEN B. MORAN*, 160 F.2d 502 (2d Cir.1947). A "partial loss" is sustained where the pre-collision value of the vessel is greater than the reasonable cost of repairs; recovery is limited to those repair costs and interest.

The M/T ARKAS was a Liberian flag tanker at the time of the collision in the Mississippi River. Her wreck was sold as salvage for $7,750,000 to an American concern, which refurbished the ARKAS and, under the provisions of the Wreck Act, 46 U.S.C. § 14, qualified her as an American flag vessel.

Despite the observation made by Le-Beouf that the lowest bid submitted for repairs of the M/T ARKAS was $11,000,-000, it propounds the argument that the Court should adopt the "constructive total loss" formula and consider the loss with reference to her status as a Liberian vessel. Alba contends that the Court should not commit itself to a method at this stage in the proceedings. Alba also argues that the salvage recovery was based on imputed American flag value by virtue of the Wreck Act and, if accepted by the Court as a measure of post-collision value, the pre-collision value should likewise be based on imputed American flag value.

 The Court perceives its role in a non jury matter as being the finder, not a distorter, of fact. It is clear that the M/T ARKAS was a Liberian vessel at the time of the collision and remained Liberian when her wreck was sold for salvage to a third party. The collision alone did not convert the M/T ARKAS into an American flag ship. Alba lacked standing under the Wreck Act to qualify the ship as American; the vessel's purchase and subsequent revamping by a third party is not relevant to the measure of Alba's loss. A Liberian vessel was damaged and Alba is entitled to the monetary equivalent of its loss, no more and no less.

A cursory comparison of the proposed valuations with what appear to be relatively modest repair bids casts some doubt in the Court's mind as to the propriety of presuming the existence of a "constructive total loss" in the matter *sub judice.* While the Court considers commitment on either the extent of the loss or the method of vessel evaluation to be premature when such a basic premise appears to be in dispute, to the extent that the motion involves factual recognition that the M/T ARKAS was a Liberian flag vessel at the time of the collision and was sold as a Liberian wreck, the motion shall be granted.

As a final note, the Court will consider the issue of collateral source as it relates to the recovery of insurance proceeds in settlement after having been briefed on same at the trial in this matter.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by Le-Beouf Bros. Towing Co. and joined in by Home Insurance Co., is PARTIALLY GRANTED in accordance with this opinion.